IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-09-242-C |
| | ) | |
| ARNULFO SALES-MORALES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant, through counsel, has moved to dismiss the charges against him, asserting the delay in bringing him to trial has violated the Speedy Trial Act and the Sixth Amendment. Plaintiff objects, arguing the delays in bringing Defendant to trial are the result of Defendant's actions and therefore there has been no Speedy Trial Act violation. Plaintiff argues the Defendant's Sixth Amendment claim must be denied as Defendant has failed to demonstrate any prejudice arising from the delay.

Defendant was arrested June 30, 2009, and charged on July 22, 2009. After a detention/preliminary hearing was held, on July 31, 2009, Defendant was ordered detained and remains in custody at this time. Defendant was indicted on August 4, 2009, arraigned on August 11, 2009, and scheduled for trial in September, thus triggering the Speedy Trial Act. See 18 U.S.C. § 3161. Under the terms of that statute, Defendant was entitled to a trial within 70 days of arraignment. 18 U.S.C. § 3161(c)(1). There are, of course, events which arise which can operate to extend that time period. Several of those events occurred in this case. First, on September 24, 2009, Defendant filed a motion for leave to file

pretrial motions and continue the trial. As of the date of that filing 44 days had elapsed. The motion was granted the day it was filed and the clock was then restarted. In that motion, the Court noted the language barriers existing which rendered a fair trial of Defendant impractical. As noted in that Order, Defendant speaks a certain dialect of the Mam language and no English. While Defendant understands some Spanish, he asserts he is unable to understand enough of that language to properly assist his attorney in preparing the case. On those grounds, the Court determined a continuance of the trial was necessary and reset the trial for November 9, 2009.

The next tolling event occurred on October 1, 2009, when Defendant filed a Motion to Dismiss and a Motion to Suppress. The Motion to Dismiss challenged the charge of re-entry after prior removal, based on the fact that the earlier proceedings were fundamentally unfair as they did not address the language barrier faced by Defendant. The Motion to Suppress challenged statements made by Defendant after his arrest and argued the language barrier vitiated any consent. At the time of filing these motions, an additional six days had passed for a total of 50 days on the Speedy Trial clock. After receiving Plaintiff's response and considering the grounds raised by Defendant, the Court struck the November trial setting to be reset following disposition of Defendant's motions. To date, the motions remain pending and Defendant has not been tried. Defendant recently filed the instant motion, arguing the delay in bringing him to trial violates the Speedy Trial Act and the Sixth Amendment.

It is beyond question that the delay in this case has been lengthy. However, contrary to the argument of Defendant, it has not violated the Speedy Trial Act. As Plaintiff notes, the delay occurring since October 1, 2009, arose because of the motions filed by Defendant. Any tolling of the clock arising from those motions is governed by 18 U.S.C. § 3161(h)(1)(D), which states:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to–
>
> > (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

The Supreme Court has held that when the pretrial motions require a hearing, as those at issue here clearly do, the entire time from their filing until disposition is excludable. See Henderson v. United States, 476 U.S. 321, 329-30 (1986) ("We therefore conclude that for pretrial motions that require a hearing, the phrase 'or other prompt disposition' in subsection [(D)] does not imply that only 'reasonably necessary' delays may be excluded between the time of filing of a motion and the conclusion of the hearing thereon."). Because the delay arises from the pendency of the motions requiring hearing, and not from some other reason, Defendant's argument that the Court is required to make findings under § 3161(h)(7) is incorrect. See Bloate v. United States, ___ U.S. ___, 130 S.Ct. 1345, 1353 (2010):

> Subparagraph (D) does not subject all pretrial motion-related delay to automatic exclusion. Instead, it renders automatically excludable only the delay that occurs "*from the filing* of the motion through the conclusion of the

> hearing on, or other prompt disposition of" the motion. (Emphasis added.) In so doing, the provision communicates Congress' judgment that delay resulting from pretrial motions is automatically excludable, *i.e.*, excludable without district court findings, *only* from the time a motion is filed through the hearing or disposition point specified in the subparagraph, and that other periods of pretrial motion-related delay are excludable only when accompanied by district court findings.

Rather, the tolling occurs automatically and there has been no violation of the Speedy Trial Act.

Defendant next seeks dismissal based on violation of the Sixth Amendment's right to a speedy trial. "A Sixth Amendment speedy trial claim is assessed by balancing the length of the delay, the reason for the delay, whether the defendant asserted his right to a speedy trial, and whether the delay prejudiced the defendant." United States v. Tranakos, 911 F.2d 1422, 1427 (10th Cir. 1990) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). Only if the delay is considered "presumptively prejudicial" is consideration of the other factors necessary. Barker, 407 U.S. at 530. The Tenth Circuit has not established a specific length of time to trigger a Barker analysis but has recognized that delays longer than that present here have not required consideration of the other factors. See United States v. Gomez, 67 F.3d 1515 (10th Cir. 1995) (delay of 12 months not presumptively prejudicial); United States v. Kalady, 941 F.2d 1090, 1095 (10th Cir. 1991) (delay of 8 months); United States v. Bagster, 915 F.2d 607 (10th Cir. 1990) (delay of 30 months). Even though unnecessary, the Court finds that the factors leading to the delay weigh against finding a violation.

As noted above, the reason for the delay in resolution of Defendant's motions and beginning his trial stem from the language barriers. Unquestionably, a fundamental right of Defendant is the right to assist his counsel in preparing for trial. Further, the very issue to be resolved in the pending motions is Defendant's ability to understand. In honoring these rights, the Court has attempted to provide Defendant with an appropriate interpreter. To that end, at a hearing in September of 2009, the Court appointed a Mam interpreter pursuant to the Court Interpreter's Act, 28 U.S.C. § 1827(d)(1). However, now questions exist as to whether Defendant can effectively communicate with this interpreter as they speak two different dialects of the Mam language. In an attempt to resolve this question, Plaintiff has recently filed a motion seeking a hearing to determine the ability of the interpreter and Defendant to effectively communicate. Prior to that filing, the parties and the Court had been working informally to resolve the issue. Thus, there are valid reasons for the delay and the Barker factor would weigh against dismissal.

As for the question of prejudice, the Court finds no prejudice has occurred. Defendant is held on charges of unauthorized re-entry after removal. Thus, any concerns about witness recollection, loss of evidence, or staleness are minor at most. Further, one of the pending motions challenges the prior removal proceeding as violating Defendant's due process rights; until that motion can be resolved the present case could not proceed. Further, given Defendant's alleged illegal re-entry into this country, it is likely he would

be detained pending removal even were he not in custody on the present charges. Thus, issues of prejudice weigh against finding a Sixth Amendment violation.

For the reasons set forth more fully herein, Defendant's Motion to Dismiss Pursuant to the Speedy Trial Act and the Sixth Amendment (Dkt. No. 36) is DENIED.

IT IS SO ORDERED this 26th day of April, 2010.

ROBIN J. CAUTHRON
United States District Judge